**Paul J. BERG, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 1998–CA–002160–MR.**

Court of Appeals of Kentucky.

March 31, 2000.

Case Ordered Published By Court of Appeals June 2, 2000.

Mark Wettle, Louisville, KY, for appellant.

Albert B. Chandler, III, Attorney General of Kentucky, Samuel J. Floyd, Jr., Assistant Attorney General, Frankfort, KY, for appellee.

BEFORE: COMBS, DYCHE and McANULTY, Judges.

## OPINION

McANULTY, Judge.

This is an appeal from the trial court's Judgment and Order Imposing Sentence in which Paul Berg was convicted of Criminal Attempt to Commit First Degree Sodomy, Use of a Minor in a Sexual Performance (4 counts) and First Degree Sexual Abuse (20 counts). Berg contends that the trial court failed to advise him of the contents of the sexual offender evaluation, and that, therefore, he is entitled to a new sentencing hearing. We do not agree.

Berg entered a guilty plea to the charges on May 19, 1998, and then appeared for sentencing on August 18, 1998. The trial court informed Berg at sentencing that the court had reviewed the presentence investigation report ("PSI") and the sexual offender evaluation report. The trial court then asked the Commonwealth attorney whether the defendant was entitled to know the contents of the sexual offender evaluation or whether the statute, incorrectly referred to as KRS 532.055, only applied to the PSI. The Commonwealth indicated that the defendant was only entitled to know the contents of the

PSI. At no time during the hearing did Berg object to not being provided with a copy of the sexual offender evaluation.

■ KRS 532.050(4) provides, in pertinent part, as follows:

(4) If the defendant has been convicted of any felony offense under KRS Chapter 510, 530.020, 530.064, 531.310, any sexual offense under KRS 506.010 or 506.030, or any other felony offense committed in conjunction with a misdemeanor under KRS Chapter 510, the court shall, prior to determining the sentence, order an evaluation of the defendant to be conducted by the sexual offender treatment program operated or approved by the Department of Corrections or the Department for Mental Health and Mental Retardation Services. The evaluation shall provide to the court a recommendation related to the risk of a repeat offense by the defendant and the defendant's amenability to treatment and shall be considered by the court in determining the appropriate sentence. A copy of the evaluation shall be furnished to the Commonwealth and to the defendant. If the defendant is eligible and the court suspends the sentence and places the defendant on probation or conditional discharge, the provisions of KRS 532.045(3) to (8) shall apply. All communications relative to the evaluation and treatment of the sex offender shall fall under the provisions of KRS 197.440 and shall not be made a part of the court record subject to review in appellate proceedings. The defendant shall pay for any evaluation or treatment required pursuant to this section up to the defendant's ability to pay but no more than the actual cost of the evaluation or treatment.

(6) Before imposing sentence, the court shall advise the defendant or his counsel of the factual contents and conclusions of any presentence investigation or psychiatric examinations and afford a fair opportunity and a reasonable period of time, if the defendant so requests, to controvert them. The court shall pro-

vide the defendant's counsel a copy of the presentence investigation report. It shall not be necessary to disclose the sources of confidential information.

Berg argues that under subsection (6), he is entitled to be advised of the factual contents or conclusions of the sexual offender evaluation and be afforded an opportunity to controvert them. We do not agree, based on the plain language of the statute.

KRS 532.050 addresses the procedural requirements for sentencing persons convicted of a felony. Subsection (1) requires a presentence investigation report for all persons convicted of a felony. Subsection (3) allows the court to order a defendant to submit to psychiatric observation and examination. Subsection (4) then refers to the evaluation of the defendant "to be conducted by the sexual offender treatment program operated or approved by the Department of Corrections or the Department for Mental Health and Mental Retardation Services." Subsection (6) then mandates that the court advise the defendant of the factual contents and conclusions "of any presentence investigation or psychiatric examinations" and afford an opportunity to controvert them.

We are of the opinion that subsection (6) refers only to the PSI and to the psychiatric examinations as referred to in subsection (3). The legislature could have included language regarding the sexual offender evaluation in subsection (6); however, it did not. We believe that the legislature intended for the sexual offender evaluation to be treated separately from the PSI and psychiatric examinations. Firstly, subsection (4) specifically provides that a copy of the sex offender evaluation shall be provided to the defendant. There is no similar provision regarding the psychiatric examinations in subsection (3). There is a provision for a copy of the PSI to be furnished to defendant's counsel. Secondly, subsection (6) states, in regard to the PSI, that "[i]t shall not be necessary to disclose the sources of confidential information." Similarly, subsection (4) provides that all communications relative to the evaluation and

treatment of the sex offender shall be privileged, pursuant to KRS 197.440. These distinctions evidence the legislature's intention that the PSI, psychiatric examination and the sexual offender evaluation be treated differently.

Accordingly, we conclude that the language in subsection (6) which permits the defendant an opportunity to controvert factual contents and conclusions does not apply to the sexual offender evaluation. Subsection (4) merely states that the defendant shall receive a copy of the evaluation. The defendant is not permitted to controvert the conclusions or recommendations contained therein.

At the very most, Berg was entitled to receive a copy of the evaluation. However, he did not object to the trial court's determination that he was not entitled to a copy. RCr 10.26 provides that an appellate court may consider an unpreserved error if it is "[a] palpable error which affects the substantial rights of a party." The question in this case then becomes whether the failure to provide a copy of the sexual offender evaluation constitutes palpable error affecting Berg's substantial rights. A defendant may be granted relief on a palpable error only "upon a determination that manifest injustice has resulted from the error." RCr 10.26. This means that the reviewing court must conclude that a substantial possibility exists that the result would have been different in order to grant relief. *Partin v. Commonwealth*, Ky., 918 S.W.2d 219, 224 (1996).

In the case *sub judice*, the defendant was simply entitled to receive a copy of the evaluation. The failure to provide said copy does not amount to a manifest injustice. Therefore, the defendant is not entitled to relief on appeal. The order of the Hardin Circuit Court is affirmed.

All concur.